IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case Number 20-05391 |
| ) | |
| SARAH E. ALLEN, ) | Chapter 7 |
| ) | |
| Debtor. ) | Judge Jack B. Schmetterer |
| ) | |
| Nancy Silver-Hacker, Personal Administrator of ) | |
| The Estate of Kirk Clawes, Deceased, ) | |
| ) | |
| Plaintiff, ) | Adversary Case No.: |
| ) | |
| v. ) | |
| ) | |
| Sarah E. Allen, ) | |
| ) | |
| Defendant. ) | |

## ADVERSARY COMPLAINT

Plaintiff, Nancy Silver-Hacker, Personal Administrator of the Estate of Kirk Clawes, Deceased ("Silver-Hacker") by her attorneys MICHAEL J. FLECK and the LAW OFFICE OF MICHAEL J. FLECK, P.C., complains and alleges against Debtor, SARAH E. ALLEN ( "Allen") as follows:

### PARTIES

1. Plaintiff Silver-Hacker is an individual who resides in Marengo, McHenry County, Illinois.

2. Debtor Allen is an adult, who at all times relevant herein resided within this District and filed her Voluntary Petition in this Court pursuant to Chapter 7 of the United States Bankruptcy Code on February 27, 2020 (the "Petition Date").

*THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.*
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Page* 1

## VENUE AND JURISDICTION

3. This adversary proceeding is brought in connection with the bankruptcy case of Debtor Allen, in the above-captioned case under Chapter 7 of Title 11 of the United States Bankruptcy Code now pending before this Court.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court has jurisdiction over this matter under 28 U.S.C. §§157(b)(1) and 1334(b).

6. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. §157(b)(2)(I).

7. The statutory basis for the relief requested in its Complaint are Section 523(a)(6) of the U.S. Bankruptcy Code (the "Code") and Rules 4004(c) and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## COUNT I.  WILLFUL AND MALICIOUS CONVERSION

8. Silver-Hacker is the mother of Kirk Clawes ("Clawes"), who died intestate on September 28, 2017, a resident of the City of Elgin, Kane County, Illinois.

9. Clawes was an artist and collector or artworks.

10. A Petition for Probate and Letters of Independent Administration was filed in the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois (the "Probate Court") as Cause Number 18 P 283 and styled as *In re the Estate of Kirk Clawes, Deceased*.

11. At the time of his death, Clawes had an extensive collection of artwork.

12. On September 18, 2018, the Probate Court entered an Order appointing Silver-Hacker as the Independent Administrator of this Estate (hereinafter "Independent Administrator").

13. At the time of Clawes' death, Allen lived with Clawes in a house owned by Silver-Hacker.

14. Silver-Hacker asked Allen to move out after Clawes died.

15. After the death of Clawes, Debtor Allen had in her possession and control numerous items of personal property including, but not limited to: paintings, objects of art, pottery, personal items, and other items of value, which belong to Clawes at the time of his death, which she wrongfully deprived the Estate of possession and benefit.

16. Silver-Hacker demanded that Allen return said items, and at first, Allen admitted she had said items and said she would return them.

17. Allen later changed her story, claiming she owned said items, and then claiming she didn't have them anymore, or know where they were.

18. Allen, despite having admitted that she had said items in her possession, and promising to return said items to Silver-Hacker, ultimately refused to return said items, continued to possess and control said personal property, and wrongfully deprived the Estate of the possession and benefit thereof.

19. The Probate Estate is the legal owner of said personal property, and as such, it has the absolute and unconditional right to immediate possession thereof.

20. Allen's conversion of said personal property and her willful and unlawful withholding thereof has caused damage to this Estate and will continue to do so.

21. Having refused to return the items, Silver-Hacker was required to bring a Petition for Citation to Recover Assets in the Probate Court.

22. A hearing was held in the Probate Court on June 27, 2019 and continued to July 22, 2019 regarding the issue of conversion and the recovery of these assets.

23. As a result of the hearing, the Court found that the items held by Allen were the property of the probate estate, and that Allen was to returns said items to Silver-Hacker's then attorney.

24. Specifically, that Order stated:

    a. That all items depicted in Exhibits (Estate's) 1 through 55 are the property of the Estate of Kirk Clawes

    b. (1) Sarah Allen shall turn over to the Estate all items of personal property depicted in the Estate's Exhibits 1 through 55 by delivering same to the law office of Ryan Family Law, P.C., 2250 Point Boulevard, Suite 107, Elgin, IL 60123 on or before 5:00 p.m. on August 22, 2019, with the exception of those items already delivered.

    c. (2) If Sarah Allen fails to turn over the above-stated items by August 22, 2019, then the issue of the proof of monetary value of each item not turned over is reserved, and this Court shall conduct a hearing as to the monetary value of each such item on a future date.

    d. (3) The issue of payment of Estate's court costs and attorney's fees incurred in the bringing of this Citation is reserved for future hearing.

25. A copy of said Order is attached hereto as Exhibit 'A' and made a Part hereof.

26. Debtor turned over some of the items by the August 22, 2019 deadline, but failed to return a significant number of items. Consequently, Silver-Hacker brought a Petition for Rule to Show Cause in the Probate Court, but before hearing on said Rule, Debtor filed the instant bankruptcy.

27. Silver-Hacker retained the services of an art expert who valued the unreturned items at approximately $3,802.00 plus $1,465.13 for framing for a total of $5,267.13.

28. Prior to the filing of the bankruptcy action, and because of Allen's refusal to return the property to the Probate Estate, Silver-Hacker was required to retain the services of attorneys and experts. Up to the date of filing the instant Bankruptcy, Silver-Hacker has incurred attorney fees, expert fees and costs in the amount of $16,640.00 in attempting to recover said artwork, and said fees and costs continue to accrue.

29. Prior to the filing of the instant bankruptcy, Silver-Hacker claims total damages for Allen's wrongful conversion in the amount of $21,907.13.

30. Debtor continues to make inconsistent statements with respect to whether she has or had the items in her possession, stating under oath during the Probate hearing that she had the items in her possession and had them in storage, and that she intended to return all of them. She now claims that she does not have the items, but has not stated how they were disposed of by her.

31. Allen refuses to return the remaining items to this day.

32. Even so, Allen has intentionally willfully and maliciously converted said property because:

   a. Allen was angry with Silver-Hacker for demanding that she move out of the house occupied by Debtor and decedent.

   b. Allen believes that Silver-Hacker is not respecting Clawes' wishes in the Probate Court, despite the Court's clear findings that the items are the property of the Probate Estate and that Allen was to return the items to Silver-Hacker.

33. Allen's failure to return said property is deliberate and/or intentional in that she stated she had the property and despite the Order of the Probate Court, refused to return it.

34. Allen's failure to return said property is wrongful and without just cause, and done out of personal hatred, spite or ill-will toward Silver-Hacker.

35. Allen knew these items were extremely sentimental to Silver-Hacker, as she is decedent's mother, and withholding them from her would cause Silver-Hacker great harm and anguish, so she kept them from Silver-Hacker in retaliation for Silver-Hacker making her move out.

36. Silver-Hacker verily believes that Debtor:

   a. Has the items that she failed to turn over;

   b. Knows the whereabouts of said items, or knows what she did with said items;

    c. Is willfully and maliciously withholding said items from Silver-Hacker in retaliation for her making Debtor move out after Clawes' death, and/or wrongfully believing that Silver-Hacker is not respecting Clawes' wishes.

37. That as a result of Debtor's willful and malicious actions, said debts are not dischargeable pursuant to 11 U.S.C. §523(a)(6) of the Bankruptcy Code.

38. If said claims are discharged by this Court with respect to Debtor, Silver-Hacker will suffer irreparable harm in that she will be unable to collect the assets of the estate, and that she will not be able to have and possess (as an heir of the estate) the artwork created and collected by her deceased son.

WHEREFORE, Nancy Silver-Hacker respectfully prays that this Court enter Judgment in her favor and enter an order:

A. Declaring Allen's conversion of the property of the Estate as willful and malicious, as her wrongful withholding of the artwork was done out of spite for Silver-Hacker for making her move out after decedent's death and that she specifically ignored the findings of the Probate Court, claiming that Silver-Hacker is not doing respecting Clawes' wishes;

B. Declaring the claim of Nancy Silver-Hacker in the amount of $21,907.13, plus attorney fees and reasonable costs to be non-dischargeable under 11 U.S.C. §523(a)(6);

C. Compelling the return of the assets still in the possession of control of Allen that the Probate Court found to be the property of the Probate Estate of Kirk Clawes;

D. In the alternative, award judgment on the items not so returned; and

E. Grant other relief as the Court deems just and equitable under the Bankruptcy Code.

                                                          Respectfully submitted,

                                                          Attorney for Nancy Silver-Hacker

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing Adversary Complaint to be served on the following parties as specified below via the ECF Court System on this 15th day of June, 2011.

## VIA ECF

Mr. Steven J. Grace
111 W. Washington St. - Suite 1625
Chicago, IL 60602
stevengracelaw@gmail.com

Trustee
Mr. Michael K. Desmond
Figliulo &amp; Silverman P C
10 S LaSalle Suite 3600
Chicago, IL 60603
mkd.trustee@fslegal.com

U.S. Trustee
Mr. Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St - Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Prepared By:

Michael J. Fleck  #6229245
Law Office of Michael J. Fleck, P.C.
11608 Dean Street – Suite 100
Huntley, IL  60142
847-669-2558

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 18 P 283

| Plaintiff(s) In Re the Estate of Kirk Clawes / Craddock | Defendant(s) Pro Se - S. Allen | Clerk of the Circuit Court Kane County, IL |
|---|---|---|
| Plaintiff(s) Atty. | Defendant(s) Atty. | JUL 22 2019 |
| Judge Noverini | Court Reporter | Deputy Clerk | FILED 035 ENTERED |

A copy of this order ☐ should be sent ☐ has been sent

☐ Plaintiff Atty. ☐ Defense Atty. ☐ Other _____

File Stamp

## ORDER

This Cause coming before the Court for the second day of hearing on the Estate's Citation to Recover Assets, the Court having heard testimony and argument and being otherwise advised in the premises; Finds:

That all items of personal property depicted in Exhibits (Estate's) 1 through 55 are the property of the Estate of Kirk Clawes.

Now Therefore, It Is Hereby Ordered:

1. Sarah Allen shall turn over to the Estate all items of personal property depicted in the Estate's Exhibits 1 through 55 by delivering same to the law office of Ryan Family Law, P.C., 2250 Point Boulevard, Suite 107, Elgin, IL 60123 on or before 5:00 p.m. on August 23, 2019, with the exception of those items already delivered.

Date: _____  ☐ Yes - Disposal ☐ No - Disposal  Judge: _____

P7-MISC-001 (11/09)  White - Clerk  Yellow and Pink Copies - Parties

EXHIBIT A

Page 1

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 18 P 283

| Plaintiff(s): In Re the Estate of Kirk Clauss | Defendant(s): |
|---|---|
| Plaintiff(s) Atty.: Craddock | Defendant(s) Atty.: Pro Se – S. Allen |

Judge: Noverini    Court Reporter:    Deputy Clerk:

A copy of this order ☐ should be sent ☐ has been sent

☐ Plaintiff Atty. ☐ Defense Atty. ☐ Other _____

## ORDER (cntd)

2. If Sarah Allen fails to turn over any of the above-stated items by August 22, 2019, then the issue of the proof of the monetary value of each item not turned over is reserved, and this Court shall conduct a hearing as to the monetary value of each such item on a future date.

3. The issue of payment of the Estate's court costs and attorney fees incurred in the bringing of this Citation is reserved for future hearing.

Date: 7-22-19    ☐ Yes - Disposal  ☐ No - Disposal    Judge: John [signature]

P7-MISC-001 (11/09)    White - Clerk    Yellow and Pink Copies - Parties

Pg 2 of 2