## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

SARAH E. ALLEN,

                         Debtor.

---

NANCY SILVER-HACKER,

PERSONAL ADMIN OF THE

ESTATE OF KIRK CLAWES,

DECEASED,

                         Plaintiff,

          v.

SARAH E. ALLEN,

                         Defendant.

Chapter 7
Bankruptcy No. 20-05391
Honorable Judge Jack B. Schmetterer

Adversary No. 20-00214

## ORDER GRANTING MOTION TO VACATE
## ORDER DISMISSING ADVERSARY PROCEEDING
## AND GRANTING MOTION TO REOPEN ADVERSARY PROCEEDING
## [DKT. NO. 25]
## BACKGROUND

Debtor-Defendant filed for Chapter 7 bankruptcy on February 27, 2020. On June 15, 2020, Plaintiff filed the present adversary. On June 19, 2020, the Clerk of the Court closed the bankruptcy case. Meanwhile, in the adversary, on June 30, 2020, Defendant filed a motion to dismiss under Rule 12(b)(4) and (b)(5) for insufficient process and insufficient service of process. Then, Plaintiff obtained an alias summons on July 21, 2020, which was served personally at the Defendant's abode on July 27, 2020 and mailed to the same address that same day. Defendant's counsel received an electronic copy of that alias summons, and on August 11, 2020 the alias summons was also mailed to Defendant's attorney. On the same date, the Court set a briefing schedule on Defendant's motion to dismiss.

On September 22, 2020, the Court issued an order dismissing the adversary (the "Dismissal Order") as service of the summons and complaint were not served until after the bankruptcy case was closed, relying on Defendant's argument, raised for the first time in a reply brief, that service could not be made to her through any means after June 19, 2020 because the bankruptcy case has been closed. Dismissal was made without prejudice as "[n]o persuasive

1

cause has been shown for the Court to use its discretion to terminate the Plaintiff's substantive rights . . ." [*See* Dkt. No. 22].

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and this proceeding was thereby referred here by the District Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a). Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

### A. Briefs

On October 30, 2020, Plaintiff moved to vacate the Dismissal Order. In her Motion, Plaintiff argues that: (1) the adversary should have never been dismissed since service was proper; and (2) if the Court does not vacate the dismissal, the dismissal will effectively be with prejudice as Plaintiff's substantive rights will be terminated, given that the deadline to object to discharge expired on June 16, 2020, before the Court entered the Dismissal Order.

Specifically, Plaintiff contends that Defendant's original argument, that service could never have been made after June 19, 2020 (when the bankruptcy case was closed), is erroneous as service under Federal Civil Procedure Rule 4(e) ("Rule 4(e)"), which is incorporated by Bankruptcy Procedure Rule 7004(a) ("Rule 7004"), was satisfied with abode service regardless of whether the bankruptcy case was open or not. Plaintiff points to the fact that on July 21, 2020, a process server served a copy of the alias summons at the Defendant's abode to an individual there (who stated that he lives with Defendant and volunteered to pass along the alias summons and complaint). Therefore, Plaintiff argues that service was effectuated through the service provisions of Rule 4(e)(2)(B), made applicable through Rule 7004(a).

In addition, Plaintiff argues that relief under Federal Civil Procedure Rule 60(b) ("Rule 60(b)") is appropriate here for three reasons: (1) despite the fact that dismissal was made without prejudice because the Court indicated it did not want the dismissal to terminate Plaintiff's substantive rights, if the Dismissal Order is not vacated, Plaintiff's substantive rights will be terminated because the time for bringing a 11 U.S.C. § 523 action has passed; (2) the adversary was dismissed upon the misapprehension of law that Defendant advocated for the first time in its reply brief, depriving Plaintiff of a chance to debunk the misunderstanding of the service

2

requirements; and (3) a clerical error occurred when the Clerk of the Court closed the bankruptcy case prematurely.

In response, Defendant reiterates the arguments as with her original motion to dismiss that Plaintiff's service was improper under Rule 7004(b) as Rule 7004(b) requires Plaintiff to serve Defendant prior to case closing despite the personal service. Furthermore, Defendant argues that Rule 60(b) is inappropriate relief as Plaintiff was given multiple opportunities to cure its defective service and to reopen the underlying bankruptcy case and simply failed to do so.

In reply, Plaintiff contends that Defendant is still asserting an erroneous legal argument that a complaint against a debtor cannot ever be served if a case is closed as nothing in Rule 7004 directs that service under Rule 7004(b) is the exclusive method for serving a debtor. Rather, Plaintiff states that a plaintiff has options for serving a complaint, and here Plaintiff elected to serve through abode service and perfected that service under Rule 4(e) through Rule 7004(a). Therefore, Plaintiff argues, given the aforementioned three reasons, the record supports Plaintiff's request of Rule 60(b) relief.

## B. Ruling

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure expand service options by permitting service of a complaint by first class mail through Rule 7004(b). *See* Fed. Rule. Bankr. P. 7004(b); *see also In re C.P. Hall Co.*, 513 B.R. 546, 550 (Bankr. N.D. Ill. 2014) ("Adversary plaintiffs can accomplish service not only through the methods prescribed in Rules 4(e)-(j) . . . but also through service by first class mail postage prepaid within the United States.") (internal quotations and citations omitted). While service by first class mail to a debtor at his/her bankruptcy petition address under Rule 7004(b) is only viable if served before the bankruptcy is closed, *see* Fed. Rule. Bankr. P. 7004(b)(9), the service options of Rule 7004(a) does not have this requirement that the bankruptcy case must be open. *See* Fed. Rule. Bankr. P. 7004(a). Rather, Rule 7004(a) incorporates the service options of, *inter alia*, Rule 4(e), which itself allows for service by abode.[1] *See In re Menges*, 337 B.R. 191, 193

---

[1] Specifically, "[e]xcept as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(5), (e)–(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7004(a). Furthermore, Rule 4(e) states that: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B).

3

(Bankr. N.D. Ill. 2006) ("Rule 7004(a) incorporates certain provisions of [Rule 4] for service of process in adversary proceedings in bankruptcy cases.")

Here, service was perfected under Rule 7004(a) when Plaintiff served Defendant with abode service on July 27, 2020. No argument has been made that the abode service under Rule 4(e)(2)(B), made applicable through Rule 7004(a), was imperfect. Because there is no requirement that the underlying bankruptcy case be open for service to be made under Rule 7004(a), service on the Defendant was effective when such abode service was made. *See* Fed. Rule. Bankr. P. 7004(a). Because service was proper, the case was improperly dismissed. Therefore, relief under Rule 60(b) is appropriate, given the aforementioned and the fact that Plaintiff's substantive rights will be terminated if the Dismissal Order is not vacated.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Order Dismissing Adversary Proceeding is **GRANTED**. IT IS HEREBY ORDERED THAT:

1. The Dismissal Order [Dkt. No. 22] is vacated.

2. Defendant is to file an Answer to the complaint by December 22, 2020.

3. Status is set for January 12, 2021 at 10:30 a.m.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of December 2020