UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Sarah Allen, | ) | Bankr. Case No. 20-05391 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | |
| Nancy Silver-Hacker, | ) | Adv. P. No. 20-00214 |
| | ) | |
| Personal Administrator of the | ) | Hon. Jacqueline P. Cox |
| Estate of Kirk Clawes, Deceased | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| Sarah Allen, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Opinion on Plaintiff's Motion for Partial Summary Judgment (Dkt. 50)**

This matter comes before the court on the Motion of Nancy Silver-Hacker, Personal

Administrator of the Estate of Kirk Clawes, Deceased ("Plaintiff" or "Pl.") for the entry of Partial

Summary Judgment ("Partial Summary Judgment Motion") (Dkt. No. 50), in favor of the Plaintiff

and against the Debtor, Sarah Allen ("Defendant," "Debtor," "Defendant-Debtor," or "Def."), under

Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7056 and this court's Local Rule

("L.R.") 7056-1. The Plaintiff seeks a determination that a debt that the Defendant-Debtor owes her

is non-dischargeable under 11 U.S.C. § 523(a)(6), a debt for a willful or malicious injury.

**I. Jurisdiction**

Federal district courts have "original and exclusive jurisdiction" of all cases filed under title

1

11 of the United States Code, the Bankruptcy Code. 28 U.S.C. § 1334(a). Federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has referred its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Operating Procedure 15(a) and its L.R. 40.3.1.

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred by the district court, and may enter appropriate orders and judgments, subject to review under 28 U.S. C. § 158(a)(1). 28 U.S.C. §§ 157(b)(1) and 158(a)(1).

This is a "core" proceeding concerning the determination as to the dischargeability of a particular debt under 28 U.S.C. § 157(b)(2)(I), which the court may hear and determine.

## II. Background

This matter comes before the court on Plaintiff's Motion for Partial Summary Judgment in the instant adversary proceeding. *See* Pl.'s Mot. for Partial Summ. J. ("Pl.'s SJ Mot."), *In re Allen*, Ch. 7 Case No. 20-05391, Adv. No. 20-00214 ("Adv. Case"), Dkt. 50, pp. 1-3. It stems from a pre-petition state court judgment entered in which a state court judge ruled in favor of the Plaintiff, and against the Debtor, in a Citation to Recover Assets proceeding based on the cause of action of conversion of personal property. The Debtor was ordered to turn over specific items of personal property to the Plaintiff. *See* Pl.'s SJ Mot., Dkt. 50, p. 2, Adv. Case (citing *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 035, pp. 1-2 (Ill. Cir. Ct. July 22, 2019)); Def.'s Answer to

Pl.'s Statement of Undisputed Facts ("Def.'s SOF"), Dkt. 56, ¶¶ 5, 15-16.

On March 2, 2020, the state court held a status hearing. *See* Pl.'s Ex's. in Supp. of Mot. for Partial Summ. J. ("Pl.'s Exhibits"), Docket 50 (Part 3) (Internal Exhibit 4), pp. 316-17; *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 082, p. 1 (Ill. Cir. Ct. Feb. 24, 2020). The court issued an order stating that, due to Defendant-Debtor's bankruptcy filing, "pursuant to the automatic stay provisions of the U.S. Bankruptcy Code, this cause is struck from the call until further notice" and continued the status of all other probate matters to April 27, 2020 at 9:30 a.m. *See* Pl.'s Exhibits, Docket 50 (Part 3) (Internal Exhibit 4), p. 317; *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 055, p. 1 (Ill. Cir. Ct. Mar. 2, 2020).

### III. Standards

### A. Summary Judgment

Summary Judgment is appropriate when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable to these proceedings by Fed. R. Bankr. P. 7056). When considering a motion for summary judgment, the court must decide, "based on the evidence of record, whether there is any material dispute of fact that requires a trial." *See In re Jahrling*, 510 B.R. 820, 824 (Bankr. N.D. Ill. 2014), *aff'd*, 530 B.R. 679 (N.D. Ill. 2015), *aff'd*, 816 F.3d 921 (7th Cir. 2016).

The party "seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "On a summary judgment motion, inferences to be drawn from the underlying

3

facts must be viewed in the light most favorable to the party opposing the motion." *S.M. Acquisition Co. v. Euler Am. Credit Indem. Co. (In re S.M. Acquisition Co.)*, 309 B.R. 520, 529-30 (Bankr. N.D. Ill. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Marine Bank Nat'l Ass'n v. Meat Counter, Inc.*, 826 F.2d 1577, 1579 (7th Cir.1987)).

### 1. Partial Summary Judgment

The Plaintiff is asking the court to rule in her favor on her Adversary Complaint. Pl.'s SJ Mot., Adv. Case, Dkt. No. 50, pp. 2-3. Her single-count adversary complaint seeks a determination that a debt that the Debtor owes her is non-dischargeable under § 523(a)(6). Compl., Adv. Case, Dkt. No. 1, ¶ 37.

A court cannot grant a motion for partial summary judgment "unless the judgment disposes of one or more counts of a complaint or counterclaim." *See Drs. Hosp. of Hyde Park, Inc. v. Desnick (In re Drs. Hosp. of Hyde Park, Inc.)*, 330 B.R. 689, 697 (Bankr. N.D. Ill. 2005) ("One cannot obtain summary judgment for a portion of a single claim or issue in a suit."); *Commonwealth Ins. Co. of N.Y. v. O. Henry Tent & Awning Co.*, 266 F.2d 200, 201-02 (7th Cir.1959).

The Seventh Circuit has explained that when a motion seeking summary judgment for "any portion of a claim less than the whole," the court is authorized "to make an 'order' as to the non-controverted facts, 'including the extent to which the amount of damages or other relief is not in controversy.'" *See In re Drs. Hosp. of Hyde Park, Inc.*, 330 B.R. at 698 (internal citations omitted). Lower courts have the authority to make an order "finding material facts that are not in dispute." *Id.* Because damages are in dispute, this court cannot enter an order on this summary judgment motion relating to damages, a critical issue in determining the amount of the debt, if any, owed the Plaintiff.

The Plaintiff's single-count complaint seeks a declaration that Debtor's conduct regarding the property at issue in the state court matter caused "willful and malicious injury" under § 523(a)(6) and that the Plaintiff's claim for $21,907, plus attorney's fees and reasonable costs, is non-dischargeable. The Plaintiff also seeks a judgment compelling the return of any assets in Debtor's possession that the state court found were the property of the Decedent's Estate, or, alternatively, a judgment for the value of the items not returned. Compl., Adv. Case, Dkt. No. 1, ¶ 37.

Specifically, the Plaintiff's summary judgment motion requests the court to find that, under *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine, the following: all of the property claimed in the state court judgment is property of the probate estate; the Defendant was ordered to return the property and willfully failed to do so; her failure to do so caused injury to the Decedent's probate estate and the Debtor must return the remaining items, or, alternatively, pay the probate estate the value of the unreturned items. Pl.'s Mem. of Law in Supp. of Summ. J. Mot. ("Pl.'s Memo of Law"), Adv. Case, Dkt. 50 (Part 4), pp. 9-12. She also asks that the Debtor be ordered to pay the probate estate's reasonable attorney's fees and costs incurred in the state court proceedings and the bankruptcy case. Pl.'s Memo of Law, Adv. Case, Dkt. 50 (Part 4), p. 12. She also requests that the court continue the matter for trial on the remaining factual issues (e.g., the value of the unreturned property and attorney's fees and costs). Pl.'s Memo of Law, Adv. Case, Dkt. 50 (Part 4), p. 12.

Since this is a single-count complaint and the Plaintiff is moving for partial summary judgment, the Plaintiff is presumably seeking summary judgment for only a portion of a claim, which the court may not grant. *See In re Drs. Hosp. of Hyde Park, Inc.,* 330 B.R. at 698. While the court may have authority to hear the entire claim, not just the dischargeability issue, as a non-core matter, it declines to do so for the reasons discussed below.

5

### IV. Discussion

### A. Uncontested Facts

The following undisputed facts are drawn from the parties' pleadings.[1]

Debtor-Defendant, Allen, was an individual, at all relevant times, residing in the state of Illinois. Pl.'s Statement of Undisputed Facts in Supp. of Mot. for Summ. J. ("Pl.'s SOF"), Docket 50 (Part 2), ¶ 2; Def.'s SOF, Docket 56, ¶ 2. On February 27, 2020, she filed for Chapter 7 bankruptcy. *See id.*

Kirk Clawes ("Decedent") was an individual, at all relevant times, residing in the State of Illinois. The Decedent died intestate on September 28, 2017. Pl.'s SOF, ¶ 3; Def.'s SOF, ¶ 3. He was an artist and collector of artworks. Pl.'s SOF, ¶ 4; Def.'s SOF, ¶ 4.

Nancy Silver-Hacker, the mother of the Decedent, is the Plaintiff in this Adversary Proceeding. On September 18, 2018, the Probate Court appointed her the Independent Administrator of Kirk Clawes's probate estate. Pl.'s SOF, ¶¶ 1, 3, 7; Def.'s SOF, ¶¶ 1, 3, 7.

At the time of the Decedent's death, the Debtor-Defendant lived with him in a house owned by Plaintiff. Pl.'s SOF, ¶ 8; Def.'s SOF, ¶ 8. The Plaintiff asked the Debtor-Defendant to move out after Decedent died. Pl.'s SOF, ¶ 9; Def.'s SOF, ¶ 9. The Debtor was angry with Plaintiff for demanding that she move out of the house previously occupied by the Debtor and Decedent. Def.'s SOF, ¶ 26.

The Plaintiff brought a Petition for Citation to Recover Assets against the Debtor in the Probate Court seeking the return of personal property. Pl.'s SOF, ¶ 15; Def.'s SOF, ¶ 15. The

---

[1] All references to the Plaintiff's Statement of Undisputed Facts in Support of Motion for Summary Judgment ("Pl.'s SOF") are to Docket 50, Exhibit 1 in Adversary Proceeding No. 20-00214 ("Adv. Case"). All references to the Defendant's Answer thereto ("Def.'s SOF") are to Docket 56 in the same case.

Decedent had listed some of the property in question for sale on his Etsy website, a website used to sell, among other things, works of art. Pl.'s SOF, ¶ 17(e); Def.'s SOF, ¶ 17(e).

A hearing was held in Probate Court on June 27, 2019 and continued to July 22, 2019 regarding the issue of conversion and the recovery of the assets. Pl.'s SOF, ¶ 16; Def.'s SOF, ¶ 16. The Debtor claimed that Plaintiff was harassing her and claimed she was the rightful owner of said property. Pl.'s SOF, ¶¶ 22, 24; Def.'s SOF, ¶¶ 22, 24.

During the second day of hearings, on July 22, 2019, the Debtor admitted that she sent a text on October 26, 2017 to the Plaintiff regarding the return of the property that stated: "I intend to bring everything back. I want to get this resolved. I am not comfortable meeting in person with you or Bill. I will start dropping things off today but I need assurance that you and Bill won't be there. You don't have to worry." Pl.'s SOF, ¶ 17(c); Def.'s SOF, ¶ 17(c). Later, in another text thread, the Debtor admitted stating, "I have absolutely committed to bringing everything back." Pl.'s SOF, ¶ 17(c); Def.'s SOF, ¶ 17(c).

After two days of hearings, the state court then issued an order stating:

> That all items depicted in Exhibits (Estate's) 1 through 55 are the property of the Estate of Kirk Clawes. . . . .
> 1. Sarah Allen shall turn over to the Estate all items of personal property depicted in the Estate's Exhibits 1 through 55 by delivering the same to the law office of Ryan Family Law, P.C., 2250 Point Boulevard, Suite 107, Elgin, IL 60123 on or before 5:00 p.m. on August 22, 2018, with the exception of those items already delivered.
> 2. If Sarah Allen fails to turn over the above-stated items by August 22, 2018, then the issue of the proof of monetary value of each item not turned over is reserved, and this Court shall conduct a hearing as to the monetary value of each such item on a future date.
> 3. The Issue of payment of the Estate's court costs and attorney fees incurred in the bringing of this Citation is reserved for further hearing.

*See* Pl.'s SOF, ¶ 19; Def.'s SOF, ¶ 19; *see also In re the Estate of Kirk Clawes, Deceased*, No. 18

P 283, Dkt. 035, pp. 1-2; Pl.'s Exhibits, Dkt. 50 (Part 3) (Internal Exhibit 3), pp. 192-93.

The Plaintiff retained the services of an art expert who valued the unreturned items at approximately $3,802 plus $1,465.13 for framing for a total of $5,267. Pl.'s SOF, ¶ 21; Def.'s SOF, ¶ 21.

### B. Section 523(a)(6) Claim

Under 11 U.S.C. § 523(a)(6), debts for "willful and malicious injury by the debtor to another entity or to the property of another entity" may be excepted from discharge. An injury is "willful" for the purposes of § 523(a)(6) "only if intended; if it's the result but not the intended result of an intentional act, the debt arising from the injury is dischargeable . . . ." *See In re Jahrling*, 510 B.R. at 827 (citing *Jendusa–Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012)); *see also Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). The Seventh Circuit has explained that "a willful and malicious injury, precluding discharge in bankruptcy of the debt created by the injury, is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa–Nicolai v. Larsen*, 677 F.3d at 324. Since debtors seldom admit to engaging in willful and malicious conduct, these requirements "may be inferred by the surrounding circumstances." *See In re Jahrling*, 510 B.R. at 827 (citing *Colemichael Invs., LLC v. Burke (In re Burke)*, 398 B.R. 608, 626 (Bankr. N.D. Ill. 2008)). It is up to the trier of fact to determine whether a debtor acted willfully and maliciously. *Burke*, 398 B.R. at 626.

Since the state court has not issued a judgment determining monetary recovery, the court finds that the Plaintiff's motion seeking a determination of non-dischargeability under § 523(a)(6) may be premature. The problem is that the state court order specifies that certain items were

8

property of the Decedent's probate estate, which the Debtor must return, but did not expressly make a finding regarding whether the Debtor was liable for conversion or whether she intended to harm the Plaintiff. Def.'s SOF, ¶ 19; Def.'s Memo. in Opp'n to Pl.'s Summ. J. Mot. ("Def.'s Memo"), Adv. Case, Docket 55, p. 3; Adv. Case, Docket 55 (Part 2). The resolution of the remaining issues in the state court matter was continued until further notice due to the Debtor's bankruptcy filing. *See In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 055, p. 1; Pl.'s Exhibits, Docket 50 (Part 3) (Internal Exhibit 4), p. 317. Conversion may constitute "willful and malicious injury" under § 523(a)(6), but there was no express finding of conversion here and none of the state court's orders make findings regarding whether the Debtor complied with the judgment. *See Fidelity Fin. Servs. v. Cox (In re Cox)*, 243 B.R. 713, 719-21 (Bankr. N.D. Ill. 2000) (citations omitted). Given that there are remaining issues more appropriate for resolution in the state court, this court declines to make any findings of material fact at this time.

### 1. Abstention

This matter is a "core" proceeding. 28 U.S.C. § 157(b)(2)(I). Although this court's authority to hear and enter final orders in this matter is not disputed, it will consider whether permissive abstention is appropriate, given that the determination as to the dischargeability of this debt is closely tied to the state court probate matter.

If abstention is appropriate, the court should prefer "permissive" rather than "mandatory" abstention. Permissive, or discretionary abstention, is governed by 28 U.S.C. § 1334(c)(1), which provides that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *See In re*

*Repurchase Corp.*, 329 B.R. 832, 835 (Bankr. N.D. Ill. 2005) (citing § 1334(c)(1)). The court considers the following factors when determining if permissive abstention is appropriate:

> (1) the effect of abstention on the efficient administration of the estate; (2) the extent of how state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court; (5) any jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of any asserted core proceeding; (8) the feasibility of severing state law claims to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties.

*Matter of Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993) (citations omitted); *see also In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 817 (Bankr. N.D. Ill. 2008) (citations omitted).

No single factor is "determinative" in a decision to abstain because "each factor's degree of relevance and importance is dependent on the circumstances of each case." *In re Repurchase Corp.*, 329 B.R. at 836 (citations omitted)

Factor 1, the "effect of abstention on the efficient administration of the estate," weighs neither in favor of nor against abstention. This case is distinguishable from *In re Repurchase Corp.*, where the court reasoned abstention would not affect administration of the estate where the creditor's proof of claim, seeking enforcement of a judgment entered by another court compelling the Debtor to cooperate in transferring tax credits, was not asserting a claim for money in bankruptcy against the estate. *See* 329 B.R. at 836 (citing 11 U.S.C. § 101(5)). Plaintiff Silver-Hacker is asserting a claim for money against the bankruptcy estate, although this adversary proceeding centers on the dischargeability of the debt upon which that claim is based. *See* § 101(5).

It is more efficient to have the state court determine whether there were any items not returned by the August 22, 2018 deadline, since the state court reserved the issue of the monetary value of any unreturned items as well as the issue of payment of the Estate's court costs and attorney fees incurred from bringing the Citation proceeding. *See* Pl.'s SOF, ¶ 19; Def.'s SOF, ¶ 19; Pl.'s Exhibits, Adv. Case, Docket 50 (Part 4), pp. 192-93; *see also In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 035, pp. 1-2. Since the Plaintiff's adversary proceeding centers on the dischargeability of the debts owed to her, not the amount of the debt itself, permitting the state court to determine the monetary value of any unreturned items and of the Estate's court costs and attorney fees from the Citation proceeding would not significantly hinder the bankruptcy court's administration of the estate. The bankruptcy court would later determine whether the debt(s) so incurred are non-dischargeable under § 523(a)(6).

Factors two, three, four, and eight all concern state law. Factor two, the extent to which state law issues predominate over bankruptcy issues, does not weigh against abstention. Although the bankruptcy court's ability to determine whether a particular debt is dischargeable is clearly a "core" matter under 28 U.S.C. § 157(b)(2)(I), here the debt at issue arose in a probate proceeding, and the amount of the debt (including proof of the monetary value of unreturned items, if any, as well as attorney's fees and costs related to the probate proceeding) are in dispute. This case does not involve a central bankruptcy issue, except for the dischargeability of the debt, suggesting that abstention until the remaining issues in the probate matter are resolved is best. *See In re Fulkerson*, No. A12-4091-TLS, 2013 WL 3353844, at *3 (Bankr. D. Neb. July 3, 2013).

The court takes note of the probate exception to otherwise proper federal jurisdiction, which reserves to state probate courts the probate or annulment of wills and the administration of a

11

decedent's probate estate. *In re McCauley*, 549 B.R. 400, 406 (Bankr. D. Utah 2016) (Federal courts are not barred from adjudicating matters outside those confines and otherwise within federal jurisdiction).

Here, factor three, "the difficulty or unsettled nature of applicable state law," does not weigh in favor of abstention. Here, it is not that the state law itself is unsettled or difficult for the court to apply, but that the state court has not resolved the aforementioned issues of the proof of the monetary value of any unreturned items and Plaintiff's attorney's fees and costs.

Factor four, "the presence of a related proceeding commenced in state court," weighs in favor of abstention. The state court proceeding is "related" to this adversary proceeding because the debt at issue in the nondischargeability proceeding arose from the probate matter and both matters stem from the same facts and issues regarding Debtor's conduct in relation to the disputed property. *See In re Hearthside Baking Co., Inc.*, 391 B.R. at 817-18. This case is unlike *In re Hearthside Baking Co., Inc.*, where there were no directly related proceedings pending in state court; one adversary proceeding was pending when a state court proceeding involving similar parties and issues was removed from state court to the bankruptcy court. The Defendants sought abstention and remand of the removed case, while the Plaintiffs sought to consolidate the proceedings. *See* 391 B.R. at 812-13. Here, the state court matter was continued until further notice upon the debtor's bankruptcy filing. Pl.'s Exhibits, Adv. Case, Docket 50 (Part 3) (Internal Exhibit 4), p. 317; *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 055, p. 1. The matters are related, although not identical.

Factor 8, "the feasibility of severing state law claims to allow judgment to be entered in state court with enforcement left to the bankruptcy court," clearly weighs in favor of abstention. Here, the state court had already ruled in favor of the Plaintiff in the Citation proceeding at the time that

12

the Debtor filed for bankruptcy. *See* Pl.'s SJ Mot., Adv. Case, Dkt. 50, p. 2 (citing *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 035, pp. 1-2); Def.'s SOF, ¶¶ 5, 15-16. The remaining issues in the state court matter surround proof of monetary value of any unreturned items, the Plaintiff's attorney's fees and costs, and the conversion claim. *See* Def.'s SOF, ¶ 19; Pl.'s SOF, ¶ 19; Def.'s Memo, Adv. Case, Docket 55, p. 4; Adv. Case, Docket 55 (part 2), p. 1; *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 035, pp. 1-2. It is feasible to sever the state law claims related to the Citation proceeding and allow the state court to enter a judgment on the remaining matters, including any monetary recovery. The state court judge has already considered the evidence and made factual findings in the probate matter and is "better qualified to interpret and enforce his own order." *See In re Repurchase Corp.*, 329 B.R. at 837; *see also* Def.'s SOF, ¶ 19; *In re the Estate of Kirk Clawes, Deceased*, No. 18 P 283, Dkt. 035, pp. 1-2.

Factor 5, "the jurisdictional basis, if any, other than 28 U.S.C. § 1334," weighs against abstention, since this is a "core" proceeding concerning the determination as to the dischargeability of a particular debt under 28 U.S.C. § 157(b)(2)(I).

Factor 6, "the degree of relatedness or remoteness of the proceeding to the main bankruptcy case," weighs neither in favor of nor against abstention. The issues being returned to state court for adjudication are related to the bankruptcy case but not so closely that a state court's rulings could impinge on this court's responsibilities or authority.

Factor 7, "the substance rather than form of an asserted 'core' proceeding," weighs in favor of abstention. The substance of Plaintiff's adversary complaint is whether there was compliance with the state court judgment, which may be best determined by the court who issued the judgment. *See In re Repurchase Corp.*, 329 B.R. at 836-37.

13

Factor 9, "the burden of the bankruptcy court's docket," weighs in favor of abstention. The bankruptcy court would have to determine the monetary value of any unreturned items at issue in the state court matter, which could subject the probate and bankruptcy estates to duplicative proceedings, since the state court has already held hearings and has weighed the evidence regarding the disputed items.

Factor 10, the probability that the commencement of the proceeding in bankruptcy court involves forum shopping, weighs in favor of abstention. As reasoned above, the state court has already heard evidence and made factual findings regarding the same pre-petition conduct and property at issue herein. Permitting the bankruptcy court to rule on the same issues might encourage forum shopping and risk entry of conflicting judgments.

Factor 11, "the existence of a right to a jury trial," weighs neither in favor of nor against abstention because the Plaintiff has not made a jury demand as of yet. Even if such a demand is made, "a party may move to withdraw the reference to preserve a trial by jury." *See In re Hearthside Baking Co., Inc.*, 391 B.R. at 818.

Factor 12, "the presence of nondebtor plaintiffs or defendants in the matter being considered for abstention," is of "considerable importance." *See In re Repurchase Corp.*, 329 B.R. at 428. "The right of nondebtor parties to a nonbankruptcy court forum, particularly if a jury trial right exists in a nondebtor's case, presents a compelling argument for abstention." *Id.* at 428-29. Since the Plaintiff has already brought related claims against the Debtor in probate court, a nonbankruptcy court forum, this factor weighs in favor of abstention.

### IV. Conclusion

The court finds that permissive abstention is warranted, given that the majority of relevant

factors support it. The probate matter is clearly closely related to Plaintiff's adversary proceeding, given that both involve the same property and the debt arises out of Debtor's actions with respect to that property. Hence, "the wrongful and malicious" conduct that Plaintiff alleges renders the debt non-dischargeable is the same conduct and property at issue in the probate matter, which is yet to be fully resolved. Permitting the state court to resolve these matters, including the conversion claim, the issue of proof of the monetary value of any unreturned items, and the determination of the Plaintiff's attorney's fees and costs from the Citation proceeding, would result in an efficient use of judicial resources. It would permit one court, which has already issued a judgment and factual findings regarding the property, to fully resolve the matter, thereby avoiding the issue of forum shopping and the possibility that the courts could issue conflicting rulings.

This court finds that it is better to have the probate court determine liability and damages in the Citation to Recover Assets proceeding. After the state court has so determined, this court can decide whether, for bankruptcy purposes, the debt owed to Plaintiff that stems from the probate matter is dischargeable under 11 U.S.C. § 523(a)(6).

This opinion represents the court's findings of fact and conclusions of law. A separate order will be entered to reflect that the court will abstain from resolving the remaining issues.

**Date**: March 22, 2022                     ENTER: _J.P. Cox_

Judge Jacqueline P. Cox

15